FILED '10 NOV 02 13:07 USDC-ORE

FILED '10 NOV 1 10:51 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ALLSTATE INSURANCE COMPANY and
ALLSTATE INDEMNITY COMPANY,

            Plaintiffs,

    v.

MICHAEL R. O'CONNELL, SR.; WATER
BROTHERS CONSTRUCTION, INC.,
an Oregon Corporation; TERESA L.
FAHRENDORF; JON B. GRABER; and
CONSTANCE K. MITCHELL,

            Defendants.

Civ. No. 10-6036-AA

OPINION AND ORDER

_____

Douglas F. Foley
Vernon Finley
Douglas Foley & Associates, LLC
13115 N.E. 4th Street, Ste. 260
Vancouver, WA  98684
        Attorneys for plaintiff

James L. Hiller
Hitt Hiller Monfils Williams LLP
411 SW 2nd Avenue, Ste. 400
Portland, OR 97204
        Attorney for defendants

1 - OPINION AND ORDER

AIKEN, Chief Judge:

Plaintiffs, Allstate Insurance Company and Allstate Indemnity Company (Allstate), bring this action seeking a declaratory judgment against defendants declaring that the insurance contracts issued by Allstate to defendant Michael R. O'Connell, Sr., do not obligate plaintiff to defend or indemnify defendant O'Connell for claims made against him in a state court action.   Allstate now moves for summary judgment pursuant to Fed. R. Civ. 56, arguing that coverage for such claims is excluded under the relevant insurance policies.   Defendant O'Connell moves for summary judgment, maintaining that Allstate has a duty to defend him.   For the reasons that follow, Allstate's motion is denied and O'Connell's motion is granted.

### I. Factual Background

The following facts are not in dispute and are taken from the parties' respective pleadings and related filings.

Defendant Michael O'Connell, Sr., is a resident of Eugene, Oregon.   Allstate Insurance Company and Allstate Indemnity Company are Illinois corporations authorized to do business in Oregon.

O'Connell has worked as a real estate broker since 1971.   He is currently employed as a broker for O'Connell & Associates, LLC, previously known as Michael R. O'Connell Sr. Commercial and Investment Real Estate.   From 2002 to 2005, he was a real estate

2 - OPINION AND ORDER

broker for Re/Max Integrity.

O'Connell also has ownership interests in real estate. O'Connell owns a 19% share in Westmoreland Village, a Eugene apartment complex with 318 units. He also owns five duplexes, two houses and a mixed-use commercial property consisting of two offices and six residential units.

Around 2000 or 2001[1], O'Connell purchased property, including a house and an extra lot, on Lincoln Alley in Eugene. A few years after purchasing the property, O'Connell sold the house and subdivided the land.

In 2004, O'Connell contracted with Water Brothers Construction to build a duplex on the property. Construction was completed in February 2005.

In February 2005, O'Connell sold the duplex to defendants Teresa Fahrendorf and John Graber. At no point in time did O'Connell rent out the duplex before he sold it.

On June 26, 2008, defendant Constance Mitchell was visiting her daughter, a duplex tenant. Mitchell tripped down the stairs and fell, sustaining a skull fracture, concussion and contusions.

On June 19, 2009, Mitchell filed a complaint in Lane County Circuit Court against defendants Fahrendorf and Graber alleging

---

[1] The purchase date and year of the duplex property is not explicitly stated or alleged in the parties' pleadings. O'Connell stated in his deposition that he owned the property for "two or three years" before developing the property. O'Connell Affidavit, Ex. 2, p. 3.

3 - OPINION AND ORDER

negligence, negligence per se, and violation of the Oregon
Landlord Tenant Law.

On July 24, 2009, Fahrendorf and Graber responded with an
answer and a third-party complaint against O'Connell, "doing
business as Michael R. O'Connell, Sr. Commercial & Investment
Real Estate," alleging a breach of implied warranty of
habitability and negligence.  Foley Decl., Ex. B, p. 1.  The
third-party complaint also alleged that O'Connell was a
"developer of commercial and investment real estate and was doing
business in Eugene, Oregon."  Id. at ¶ 19.  After discovery and
depositions, in May 2010 Fahrendorf and Graber amended their
third-party complaint and removed all allegations referencing
O'Connell's occupation or business.

Allstate issued O'Connell three insurance policies: a
Landlord Insurance Policy, a Homeowner's Policy, and a Personal
Umbrella Insurance Policy.  The landlord policy was in effect
during the building of the duplex and coverage ended sometime
after the sale of the duplex in February 2005.  The homeowner's
policy and the personal umbrella policy were both in full force
and effect on June 26, 2008, the date of Ms. Mitchell's fall.
Both of these policies contain exclusions for incidents arising
out of the insured's "business activities."

Allstate filed this declaratory action on February 10, 2010,
seeking declaratory rulings on Allstate's duty to defend and

4 - OPINION AND ORDER

indemnify O'Connell. O'Connell filed an answer and counterclaim on June 17, 2010, also seeking declaratory rulings on Allstate's duties under O'Connell's insurance policies. Both parties now move for summary judgment.

On October 4, 2010, O'Connell was dismissed from the unerlying state court action and a limited judgment was entered in his favor. Therefore, I find the duty to indemnify is rendered moot and only Allstate's duty to defend will be addressed.

## II. Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Federal Rules of Civil Procedure 56(c). Summary judgment is not proper if material factual issues exist for trial. Warren v. City of Carlsbad, 58 F. 3d 439, 441 (9th Cir. 1995), cert. denied, 516 U.S. 1171 (1996). The substantive law defines which facts are material. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Special rules of construction apply to evaluating summary

5 - OPINION AND ORDER

judgment motions: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n., 809 F.2d 626, 630 (9th Cir. 1987). When different ultimate inferences can be reached, summary judgment is not appropriate. Sankovich v. Life Ins. Co. of N. America, 638 F.2d 136, 140 (9th Cir. 1981).

The Supreme Court cases cited above establish that "summary judgment is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" Celotex Corp., 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

### III. Discussion

The parties dispute whether the business exclusion of the insurance policies apply and whether Allstate had a duty to defend O'Connell in the state action against him.

Allstate maintains that none of the three insurance policies issued to O'Connell obligate Allstate to defend him. Allstate argues that the state court action arose from O'Connell's business activities in his capacity as a developer and owner of real estate, and thus coverage is excluded under the business

6 - OPINION AND ORDER

activities exclusions.  O'Connell concedes that neither the
landlord policy nor the homeowner's policy obligate Allstate to
defend him, but maintains that the personal umbrella policy does.
O'Connell contends that the underlying amended third-party
complaint does not allege that he built and sold the duplex in a
business capacity, and thus the business activity exclusion does
not apply under the umbrella policy.

The insurer's duty to defend an action against its insured
depends on two documents: the underlying complaint and the
insurance policy.  Ledford v. Gutoski, 319 Or. 397, 399, 977 P.2d
80 (1994), Oakridge Comm. Ambulance v. U.S. Fidelity, 278 Or 21,
21, 563 P.2d 164 (1977).  An insurer has a duty to defend if the
claim against the insured could impose liability for conduct
covered by the policy.  Oakridge Comm. Ambulance, 278 Or. at 24.
In evaluating whether an insurer has a duty to defend, the court
looks to the alleged facts in the underlying complaint to
determine whether they provide a basis for recovery that could be
covered by the policy.  Ledford, 319 Or. at 400.  "The insurer
has a duty to defend if the complaint provides any basis for
which the insurer provides coverage."  Id. (emphasis in
original).  If there are ambiguities in the complaint about
whether the facts alleged require coverage, they must be resolved
in favor of the insured.  Id.

The amended third-party complaint in the underlying state

7 - OPINION AND ORDER

action alleges, in pertinent part:

> At all relevant times, Michael R. O'Connell, Sr.
> (O'Connell) was a resident of Eugene, Oregon. At all
> relevant times, Water Brothers Construction, Inc.
> (Water Brothers) was an Oregon corporation engaged in
> residential and commercial construction in Eugene,
> Oregon. At all relevant times, Randy Melland, dba
> Randy Melland Construction (Melland), was a contractor
> engaged in the construction of residential dwellings in
> Eugene, Lane County, Oregon. In 2004, Water Brothers
> and Melland jointly constructed a duplex at 55 and 59
> N. Lincoln Alley, in Eugene, Oregon, for Third-Party
> Defendant O'Connell. . . Thereafter, Third-Party
> Defendant O'Connell advertised the duplex for sale, and
> on February 16, 2005, Defendant/Third-Party Plaintiff
> Fahrendorf purchased the duplex from O'Connell . . .

Def.'s Answer & Counterclaim, Ex. 1, p. 5. As noted by O'Connell,

no allegations reference his occupation or business dealings.

The Personal Umbrella Policy issued to O'Connell provides the

following pertinent coverages, definitions and exclusions:

> Allstate will pay damages when an **insured person**
> becomes legally obligated to pay because of **bodily
> injury, personal injury,** or **property damage,** subject to
> the terms, conditions and limits of this policy.
> **Bodily injury, personal injury** and property damage must
> arise from a **covered occurrence** . . .

> Allstate will defend an insured person sued as the
> result of an occurrence covered by this policy . . .
> The term "Occurrence" is defined as "an accident during
> the policy period . . . resulting in **bodily injury,
> personal injury,** or **property damage.**

O'Connell Aff. Ex. 1, p. 6-9.

However, the umbrella policy excludes coverage regarding

"any **occurrence** arising out of any act or failure to act by any

person in performing function's of that person's business" or

"any **occurrence** arising out of a **business** or **business property**."

Id.

> **'Business'** –means:
>
> a) any full or part-time activity of any kind:
>
> 1) arising out of or relating to an occupation, trade or profession of an **insured person**; and
>
> 2) engaged in by an **insured person** for economic gain, including the use of any part of any premises for such purposes.

Id. (emphasis in original).

Allstate maintains that the construction and sale of the duplex constitutes "business" as defined by the policy because it was at least a part-time activity, it arose out of O'Connell's occupation, trade or profession, and it was engaged in for economic gain. Thus, Allstate argues, Ms. Mitchell's fall is not a covered occurrence under the business activities exclusion. O'Connell maintains that the underlying amended third-party complaint does not allege that he was the builder or developer of the duplex and thus provides some basis for coverage under the umbrella policy. I agree.

The amended third-party complaint does not allege that O'Connell is a builder or a developer, or that he built the duplex in his business capacity, or that the development of the duplex arose out of, or related, to his occupation. The third-party complaint alleges only that O'Connell is a resident of Eugene, that a duplex was constructed for him, and that he sold

9 - OPINION AND ORDER

the duplex to defendant Fahrendorf.  While Allstate may be correct that the actual facts of the case tend to show that the development of the duplex may have arisen from or related to O'Connell's occupation as a real estate broker, these surrounding facts do not extinguish Allstate's duty to defend.  This court is bound by the facts alleged in the underlying amended third-party complaint, which supercedes the prior third-party complaint. Based on that complaint and the four corners of the personal umbrella policy and exclusions, Allstate has a duty to defend O'Connell.

IV. Conclusion

For the reasons set forth above, defendant O'Connell's motion for summary judgment (doc. 26) is GRANTED, and plaintiffs' motion for summary judgment (doc. 15) is DENIED.

IT IS SO ORDERED.

Dated this **3/st** day of October, 2010.

_Ann Aiken_

Ann Aiken

Chief United States District Judge

10 - OPINION AND ORDER